UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------X
ALFREDO ULERIO and ANTONIO NESTOR,

                              Plaintiffs,

           -against-

LA MARINA PARKING, LLC,

                             Defendants.
----------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

Case No.: _____

PLAINTIFFS DEMAND A TRIAL BY JURY

      Plaintiffs, Alfredo Ulerio and Antonio Nestor, by their attorney, The Rose Law Group, PLLC, upon information and belief, complain as follows:

## NATURE OF THE CASE

1. Plaintiffs, individually and on behalf of all other similarly situated current and former hourly employees of Defendant, bring this action against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to compensate the Plaintiffs an overtime premium, failure to pay a minimum wage, and failure to pay wages due and owed for hours employees were required to report to work, ready to perform work and actually performed work duties. Plaintiff seeks to recover unpaid back wages, unpaid tips, unpaid overtime, and an additional amount as liquidated damages, reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

3. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

4. Venue is proper in this district based upon Defendant's residency within Bronx County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

5. That at all times relevant hereto, Plaintiff Alfredo Ulerio ("Plaintiff Alfredo") is a resident of the State of New York and Bronx County.

6. Plaintiff Alfredo was, during all relevant times, an employee for Defendants.

7. That at all times relevant hereto, Plaintiff Antonio Nestor ("Plaintiff Antonio") is a resident of the State of New York and Bronx County.

8. Plaintiff Antonio was, during all relevant times, an employee for Defendant.

9. That at all times relevant hereto, La Marina Parking, LLC ("La Marina Parking") was and is a Domestic Limited Liability Company duly authorized and existing by virtue of the laws of the State of New York.

10. That at all times relevant hereto, Defendant La Marina Parking does business in the State of New York.

11. That at all times relevant hereto, Defendant La Marina Parking is located at 284 Dyckman Street, New York 10034.

12. Upon information and belief, Defendant La Marina Parking is a joint employer and/or single enterprise with the carwash which is operated under the same corporate entity by the same owners and management.

13. Upon information and belief, Defendant La Marina Parking has more than $500,000.00 in business done each year.

14. Defendant La Marina Parking is referred to herein as "Defendant."

## MATERIAL FACTS

15. Plaintiff Alfredo was hired by Defendant La Marina Parking in or around February of 2017

as a Car Parker.

16. Throughout Plaintiff Alfredo's employment, his work product was excellent and he was never disciplined for his performance.

17. Plaintiff Alfredo, at the start of his employment in February 2017 was paid $10.50 per hour.

18. Plaintiff Alfredo was required to arrive at work at 12:00 AM and leave at 8:00 AM, six (6) days a week, he worked from Saturday to Thursday, and Plaintiff Alfredo's day off was Friday at this time.

19. Plaintiff Alfredo, at this time, was required to work forty-eight (48) hours a week and was not paid time and a half.

20. Plaintiff Alfredo at this time was paid in cash, approximately $504 a week for a year.

21. In February of 2018, Plaintiff's hourly pay was raised to $12; his weekly pay was around $576.

22. From February 2018 to approximately October 2018, Plaintiff was working five (5) days a week from Saturday to Wednesday, and Plaintiff Alfredo's days off were Thursday and Friday.

23. At this time, Plaintiff Alfredo was required to work forty (40) hours for the following eight (8) months, and was making $480 a week.

24. In October of 2018, with the clearance of the Defendant, Plaintiff Alfredo went to the Dominican Republic from October 10, 2018 to October 17, 2018.

25. Plaintiff Alfredo returned to work after his trip and was told by Defendant's manager that his position was filled.

26. Plaintiff Alfredo was sent home and told by Defendant's manager that, if a position opened up, Plaintiff Alfredo would be notified.

27. In November of 2018, Plaintiff Alfredo was given his position back after two (2) weeks

without work.

28. For the last four months of his employment, starting in November 2018, Plaintiff Alfredo worked from 11:00 PM to 7:00 AM.

29. Plaintiff Alfredo, at this time, was required to work thirty-two (32) hours a week and was being paid $12 an hour.

30. Plaintiff Alfredo was working four (4) days a week from Saturday to Tuesday.

31. In January 2019, Plaintiff's pay was raised to $13 an hour.

32. Plaintiff Alfredo was terminated in February of 2019 with no explanation.

33. Due to Defendant's failure to pay Plaintiff Alfredo for eight (8) hours each week, he has lost significant income during his employment.

34. Plaintiff Antonio began working for Defendant in or around November of 2015 as a car parker.

35. Plaintiff Antonio was employed six (6) days a week, eight (8) hours each day. Half of his shifts were in the day and the other half at night.

36. At all times, Plaintiff Antonio was paid only $480.00 per week, regardless of hours worked.

37. In November of 2018, Plaintiff Antonio was told he would only be able to work four (4) days a week, so he resigned his employment.

38. Plaintiffs were always paid cash.

39. Defendant failed to provide Plaintiffs with a wage statement or wage notices throughout his employment.

40. All of Defendant's employees were treated in the same manner and not paid for hours worked in excess of forty (40) as was Defendant's policy.

## THE FLSA COLLECTIVE ACTION

41. While class certification pursuant to FRCP Rule 23 is not required for an FLSA collective action, defining the class of eligible FLSA Plaintiffs is useful, as the Court will be asked to order Defendant to produce the names and addresses and other information of potential opt-in Plaintiffs.

42. The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendant as an hourly employee at any time from three (3) years prior to the filing of this case, to entry of judgment in this case (the "FLSA Class" and "Class Period," respectively).

43. Although the precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over twenty (20) members of the FLSA Class who worked for Defendant within the Class Period.

44. There are questions of law and fact common to this FLSA Class which predominate over any questions solely affecting individual members of the FLSA Class, including whether Defendant failed to compensate employees at any rate for hours employees were required to be at work, performing work and traveling to and from job sites; whether each employee was paid overtime in weeks when they worked over forty (40) hours.

45. Plaintiffs' claims are typical of the claims of the FLSA Class. Plaintiffs will fairly and adequately protect the interests of the FLSA Class.

46. A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

47. Defendant has acted or refused to act on grounds generally applicable to the FLSA Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

48. At all times relevant to this action, Plaintiffs and other FLSA Class Plaintiffs were employed by Defendant within the meaning of the FLSA.

49. At all times relevant to this action, Defendant transacted and transacts commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question. Further, Plaintiffs were directly involved in interstate commerce and/or indirectly involved in interstate commerce.

50. At all times relevant to this action, Defendant willfully failed to pay all FLSA Class Plaintiffs the overtime premium for hours worked in excess of forty (40) each week and a minimum wage for all hours worked.

51. At all times relevant to this action, due to Defendant's FLSA violations, Plaintiffs and other FLSA Class Plaintiffs are entitled to recover from Defendant their unpaid wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §216(b).

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

52. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

53. Defendants willfully employed Plaintiff in the afore-mentioned enterprise and failed to compensate Plaintiff for all hours worked during his employment.

54. Upon information and belief, Defendant do more than $500,000.00 in business each year and handle goods which have moved in interstate commerce.

55. Defendant failed to compensate the Plaintiff for numerous hours worked each shift when Plaintiffs was required to be at work, ready to work, and actually performing the work and/or paid them less than the minimum wage applicable at the time.

56. Defendant failed to pay the legally mandated overtime premium for all hours worked over forty (40) by Plaintiffs.

57. Defendant's failure to comply with the FLSA caused Plaintiffs to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

58. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

59. Plaintiffs were employees of Defendant within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.; Article 6 & 9 of the NYLL; 12 NYCRR § 142-2.4).

60. Defendant failed to pay Plaintiffs any rate of pay for certain hours when they were required to be at work, ready to work, actually performing work and/or traveling to/from work sites or paid them at a rate that was less than the minimum required at the time they were employed.

61. Defendant failed to pay Plaintiffs the overtime premium for certain hours when Plaintiffs were required to be at work, ready to work, and actually performing the work.

62. Defendant's failure to comply with the New York Labor Law overtime protections caused Plaintiffs to suffer loss of wages and interest thereon.

63. Defendant's violations was willful.

64. Defendant failed to pay the overtime premium as is required by the New York Labor Law.

65. On account of such violations, Defendant is liable to Plaintiffs for actual, statutory and

liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR
## VIOLATION OF NEW YORK LABOR LAW

66. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

67. At all times relevant to this action, Plaintiffs were employed by Defendant within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

68. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiffs with an accurate notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

69. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiffs with an accurate statement(s) required by NYLL 195(3) – Plaintiffs are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

## JURY DEMAND

70. Plaintiffs demand a trial by jury.

   **WHEREFORE**, Plaintiffs respectfully requests a judgment against the Defendant:

A. Awarding all wages not paid as required under the FLSA and NYLL, plus any damages under the FLSA and the NYLL and interest;

B. Declaring that Defendant's policies and procedures violate the FLSA and the NYLL;

C. Awarding damages to the Plaintiffs to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

D. Awarding Plaintiffs punitive damages and liquidated damages;

E. Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Astoria, New York
September 12, 2019

                                          **THE ROSE LAW GROUP, PLLC**

                                          /s/Jesse C. Rose
Jesse C. Rose (JR-2409)
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
PH: (718) 989-1864
Fax: (917) 831-4595